**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DEXTER SHAW,

    Plaintiff,

v.

ROBERT TOOLE; JANET BREWTON; and
JANE DOE,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-112

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia, has filed an action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Under the PLRA, Plaintiff is a "frequent filer" and, therefore, must pay the filing fee before proceeding with this action. Accordingly, the undersigned **RECOMMENDS** the Order dated October 17, 2014, (doc. 3), be **VACATED** and Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED**. Plaintiff's request for injunctive relief should also be **DENIED**. It is also my **RECOMMENDATION** Plaintiff's Complaint, as amended, be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

### PLAINTIFF'S ALLEGATIONS

In his Amended Complaint, Plaintiff asserts he filed grievances on March 18 and 27, 2014, and Defendants Toole and Smith would not give Plaintiff a receipt for the grievance and

destroyed it. Plaintiff also asserts he filed another grievance on April 29, 2014, regarding the destruction of his previously filed grievances. Plaintiff states this grievance was processed, but Defendants Toole, Fountain, and Smith "acted in concert and refused to address the destruction of grievances." (Doc. 6-1, p. 3.)

Plaintiff avers he had surgery on his right shoulder and bicep tendon on May 15, 2014, which was done in an attempt to get full range of motion in his arm and shoulder.[1] Plaintiff asserts the doctor prescribed physical therapy to begin on June 6, 2014, and was able to attend three or four sessions during June. Plaintiff maintains his counselor attempted to have a review to have Plaintiff's security level decreased, yet his counselor was told to leave Plaintiff's housing and security level situations alone. Plaintiff states he filed another grievance on June 12, 2014, against Defendant Toole and contended Defendant Toole was retaliating against him for filing grievances and accessing the courts and intended to place Plaintiff in the Tier II program. Plaintiff maintains placement in the Tier II program is punitive in nature and that proper procedures were not used in placing and keeping him in this program. (Doc. 6-1, pp. 8–9.)

Plaintiff asserts he began missing his physical therapy appointments and was informed that inmates in the Tier II program had to go to a satellite medical room, which was not yet ready. Plaintiff maintains Defendants Toole, Brewton, and Sabine knew that denying him treatment could cause pain and suffering and the loss of use of his right arm. Plaintiff states he wrote to Defendant Sabine on July 20, 2014, to request his necessary physical therapy and received no response. However, Plaintiff also states he filed a medical request on July 31, 2014, and was seen by a doctor on August 5, 2014. (Id. at p. 5.) Plaintiff asserts this doctor

---

[1] Plaintiff asserts he had not been provided with an adequate diet in compliance with his religious requirements prior to this surgery. This assertion forms the basis of Plaintiff's Complaint in Case Number CV614-48 and need not be addressed here. In addition, Plaintiff's original Complaint, which was filed on October 16, 2014, details events stemming from his surgery and the aftermath.

2

recommended he have physical therapy, but Defendant Sabine refused to allow Plaintiff to have physical therapy sessions. Plaintiff avers Defendant Toole came to his cell on August 19, 2014, for inspection. When Plaintiff asked Defendant Toole about physical therapy, he advised Plaintiff he could do whatever he needed to do in his cell. Plaintiff also maintains he informed Defendant Brewton by letter dated September 16, 2014, that he had been prescribed physical therapy on three (3) separate occasions and was having complications with his arm, and Defendant Brewton did not respond or ensure he received physical therapy. Plaintiff asserts he continued to experience pain in his shoulder and could not perform ordinary activities in his cell because he could not lift his arm above his head.

According to Plaintiff, Defendant Toole had the tactical squad take almost all of Plaintiff's property on July 16, 2014, and left only his Koran, a pair of boxer shorts, a jumpsuit, and a pair of State-issued shower shoes. Plaintiff maintains three (3) disciplinary reports were written against him, and he was found guilty on all charges. Plaintiff says he filed appeals on each of these findings on August 27, 2014, and Defendant Toole denied these appeals. Plaintiff further states he appealed to the next level, and Defendant Fountain acted in concert with Defendant Toole and denied Plaintiff's appeals.

In conclusion, Plaintiff asserts he is in imminent danger because Defendants have denied him prescribed physical therapy sessions, which has inflicted pain and suffering, the loss of range of motion, and is threatening the loss of full use of his arm. (Id. at p. 9.) Plaintiff also asserts he is only permitted to wear shower shoes, which prevents him from participating in physical exercise. Plaintiff alleges the food trays for inmates in the Tier II program have less food on them than the trays for inmates in other areas of the prison. Plaintiff states his telephone

privileges have been restricted, he is not allowed to have any media contact, and he is not allowed commissary privileges.

## DISCUSSION

**I.     Section 1915(g)**

As noted above, when reviewing a civil action filed by a prisoner, this Court must ensure that the plaintiff has complied with the mandates of the PLRA. Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g): Shaw v. Thomas, CV692-82 (S.D. Ga. Aug. 5, 1992) (failure to follow Court order); Shaw v. Smith, CV603-66 (S.D. Ga. Aug, 28, 2003) (sanction for lying about the existence of previous strike and a previous federal case concerning the same facts); and Shaw v. Smith, CV603-133 (S.D. Ga. Apr. 26, 2005) (failure to comply with Court order). Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff

may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).[2] Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he signed his Complaint on October 16, 2014, or his Amended Complaint on November 17, 2014. In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Eleventh Circuit, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Even accepting Plaintiff's allegations as true, he does not set forth any facts indicating he was in *imminent* danger of serious physical injury at the time he filed his Complaint or his Amended Complaint. Consequently, Plaintiff should not be considered to meet the exception to the three strikes rule, and Plaintiff's Complaint, as amended, should be **DISMISSED**, without prejudice, on this basis.

## II. Injunctive Relief Request

Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction. (Doc. 8.) According to Plaintiff, he needs to be relieved from the "punitive, unlawful, and retaliatory segregation, due to the Defendants' adverse actions that has (sic) a (sic)

---

[2] The undersigned notes the Honorable B. Avant Edenfield's directive that Plaintiff's filings are to be scrutinized using a "28 U.S.C. § 1915(g)-plus" treatment. Case Number CV605-39 (Doc. 17.) This treatment prevents a serial filer from proceeding with a cause of action, without paying all outstanding monies owed the Court, except in criminal cases and in petitions challenging terms of the serial filer's confinement. Heard v. Wetherington, CV602-107 (Doc. 9, 14) (citing Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999)). A serial filer's "plus" treatment is to be revisited every two (2) years. Id. Plaintiff has only filed one cause of action in this Court since 2005, Case Number CV614-48. However, Plaintiff's Complaint must be scrutinized due to his status as a serial filer.

impermissibly chilling effect on my exercise of rights to file grievance (sic) and access the court." (Doc. 8, p. 1.) To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff should not be permitted to proceed, at this time, on the merits of his claims. Plaintiff's Motion, (doc. 8), should be **DENIED**.

## CONCLUSION

It is my **RECOMMENDATION** that the Magistrate Judge's Order dated October 17, 2014, (doc. 3), be **VACATED** and Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED**. It is also my **RECOMMENDATION** Plaintiff's Complaint, as amended, be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA