IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DEXTER SHAW, | |
| Plaintiff, | CIVIL ACTION NO.: CV614-112 |
| v. | |
| ROBERT TOOLE; JANET BREWTON; and JANE DOE, | |
| Defendants. | |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated June 8, 2015. (Doc. 15.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections (doc. 18), concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented below, as the opinion of the Court.

I.  **Background**

Plaintiff, who is currently housed at Valdosta State Prison in Valdosta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 on October 16, 2014, to contest certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) On November 17, 2014, Plaintiff filed an Amended Complaint. (Doc. 6.) Through these pleadings, Plaintiff set forth various, unrelated claims. Of note, Plaintiff asserted that he had surgery on his right shoulder and bicep tendon on May 15, 2014, which was done in an attempt

to get full range of motion in his arm and shoulder.[1] Plaintiff contended the doctor prescribed physical therapy to begin on June 6, 2014, and he was able to attend three or four sessions during June. Plaintiff stated his counselor attempted to have a review to decrease Plaintiff's security level, yet his counselor was told to leave Plaintiff's housing and security level situations alone. Plaintiff stated he filed a grievance on June 12, 2014, against Defendant Toole and contended Defendant Toole was retaliating against him for filing grievances and accessing the courts and intended to place Plaintiff in the Tier II program. Plaintiff also stated that placement in the Tier II program is punitive in nature and that proper procedures were not used in placing and keeping him in this program. (Doc. 6-1, pp. 8–9.)

Plaintiff asserted he began missing his physical therapy appointments and was informed that inmates in the Tier II program had to go to a satellite medical room, which was not yet ready. Plaintiff alleged Defendants Toole, Brewton, and Sabine knew that denying him treatment could cause pain and suffering and the loss of use of his right arm. Plaintiff stated he wrote to Defendant Sabine on July 20, 2014, to request his necessary physical therapy and received no response. However, Plaintiff also stated he filed a medical request on July 31, 2014, and was seen by a doctor on August 5, 2014. (Id. at p. 5.) Plaintiff asserted this doctor recommended he have physical therapy, but Defendant Sabine refused to allow Plaintiff to have physical therapy sessions. Plaintiff averred Defendant Toole came to his cell on August 19, 2014, for inspection. When Plaintiff asked Defendant Toole about physical therapy, he advised Plaintiff he could do whatever he needed to do in his cell. Plaintiff also maintained he informed Defendant Brewton by letter dated September 16, 2014, that he had been prescribed physical

---

[1] Plaintiff asserts he had not been provided with an adequate diet in compliance with his religious requirements prior to this surgery. This assertion forms the basis of Plaintiff's Complaint in Case Number CV614-48 and need not be addressed here. In addition, Plaintiff's original Complaint, which was filed on October 16, 2014, details events stemming from his surgery and the aftermath.

2

therapy on three (3) separate occasions and was having complications with his arm, and Defendant Brewton did not respond or ensure he received physical therapy. Plaintiff asserted he continued to experience pain in his shoulder and could not perform ordinary activities in his cell because he could not lift his arm above his head.[2]

The Magistrate Judge determined that, even accepting Plaintiff's allegations as true, he failed to set forth any facts indicating he was in imminent danger of serious physical injury at the time he filed his Complaint on October 16, 2014, or even his Amended Complaint on November 17, 2014. Accordingly, the Magistrate Judge recommended dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. §1915(g) as Plaintiff had on three or more prior occasions, while incarcerated, brought an action that was dismissed as frivolous, malicious, or because Plaintiff failed to state a claim upon which relief may be granted. (Doc. 15, p. 5.) In response to the Magistrate Judge's Recommendation, Plaintiff filed Objections.

## II. Discussion

The Magistrate Judge correctly set forth and applied the law to Plaintiff's Complaint, and the Court need not recite that discussion at length here. Nevertheless, the Court addresses Plaintiff's Objections.

In his Objections, Plaintiff asserts the Magistrate Judge overlooked this Court's earlier ruling which granted him *in forma pauperis* status. According to Plaintiff, the granting of *in forma pauperis* status meant the Court found he met the imminent danger requirement. (Doc. 18, p. 1.)

Contrary to Plaintiff's interpretation, the Court's earlier ruling granting Plaintiff *in forma pauperis* status, (doc. 3), had no bearing whatsoever on whether the Court determined Plaintiff

---

[2] Plaintiff made other allegations in his Complaint, as amended, but his Objections make clear he takes issue with the denial of physical therapy appointments after he had surgery on May 15, 2014. (Doc. 18, pp. 2–3.)

was in imminent danger of serious physical injury at the time he filed his Complaint. Instead, this Order was simply a ruling on a motion then pending before the Court. The Magistrate Judge then conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and determined at that time that Plaintiff is a three striker under Section 1915(g)—a fact Plaintiff freely admits, (doc. 18, p. 1),—and that Plaintiff did not meet the "imminent danger" exception to Section 1915(g) to permit him to proceed with his Complaint without first paying the entire filing fee.

Plaintiff also objects to the Magistrate Judge's conclusion that he does not meet the imminent danger exception. (Doc. 18, p. 2.) The latest date Plaintiff provides in his Complaint, Amended Complaint, or his Objections is September 16, 2014. Plaintiff asserts he continued to be denied physical therapy as of that date, and that his "condition was worsening and pains." (Id.) The Court recognizes an inmate need not "wait[ ] for something to happen to" him in order to meet the imminent danger exception requirement. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (citing Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998)). However, in order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Eleventh Circuit has construed this exception to require specific allegations of present imminent danger that may result in serious physical harm. Skillern v. Jackson, No. 6:06-cv-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown, 387 F.3d at 1349) and (citing Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006) ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).")). "General and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm." Id. (citing Martin v.

Shelton, 319 F.3d 1048, 1050 (wherein the plaintiff alleged that prison officials were attempting to kill him by forcing him to work outside in extreme temperatures when they knew he had blood pressure problems)).

The Court recognizes that in certain situations allegations regarding the denial of ongoing medical care can satisfy the imminent danger exception to the three strikes rule. See Brown, 387 F.3d at 1350 (finding imminent danger of serious physical injury alleged by plaintiff inflicted with HIV and hepatitis who alleged that denial of prescribed treatments risked afflictions including pneumonia, esophageal candidiasis, salmonella, and wasting syndrome). However, Plaintiff fails to set forth any specific, non-conclusory allegation indicating that he was suffering from imminent danger of a serious physical injury at the time he filed his Complaint. Plaintiff only generally alleges that he was denied medical care well before he filed his Complaint and Amended Complaint, and he only makes conclusory allegations regarding the risk of further physical injury. As Plaintiff fails to overcome this threshold requirement, even after amending his Complaint, he cannot proceed with this cause of action without first paying the requisite filing fee in its entirety.

### III. Leave to Appeal *In Forma Pauperis*

Plaintiff is **DENIED** leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it is appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma*

---

[3] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

5

*pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, as well as that contained in the Magistrate Judge's Report and Recommendation, Plaintiff's potential *in forma pauperis* status on appeal is **DENIED**, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. Plaintiff's Complaint is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g). As a result, the Court also takes the following actions: the Order dated October 17, 2014, (doc. 3), is **VACATED**; Plaintiff is **DENIED** *in forma pauperis* status; Plaintiff's request for injunctive relief is **DENIED**; and Plaintiff's Complaint, as amended, is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g). In addition, the Magistrate Judge's Order dated June 16, 2015,

(doc. 17), is also **VACATED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 11th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA